Case 10-63228    Filed 06/08/11    Doc 27

FILED

JUN -8 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Cline Alex Garner, Jr., and<br>Sabrina Louise Garner,<br><br>    Debtors.<br><hr><br>Cline Alex Garner, Jr., and<br>Sabrina Louise Garner,<br><br>    Movants,<br><br>v.<br><br>Tobias Teran, an individual,<br><br>    Respondent. | Case No. 10-63228-B-13<br><br>DC No. GH-1 |

**MEMORANDUM DECISION REGARDING MOTION FOR
CONTEMPT AND INJUNCTIVE RELIEF**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Gary L. Huss, Esq., appeared on behalf of the debtors, Cline Alex Garner, Jr., and Sabrina Louise Garner.

Respondent, Tobias Teran appeared *in propria persona*.

    Before the court is a motion by the debtors, Cline and Sabrina Garner (the "Debtors") for a contempt order, for damages, and for injunctive relief relating to a violation of the automatic stay (the "Motion"). The

respondent, Tobias Teran ("Teran") prosecuted a small claims action against the co-debtor, Sabrina Garner ("Sabrina") and obtained a judgment in the amount of $562 after commencement of the bankruptcy case. Teran contends that he did not receive the court's notice of commencement of the case and did not know about the bankruptcy at the time of the small claims trial. The Debtors seek reimbursement of their attorney's fees, an award of damages for emotional distress in an unstated amount, punitive damages in the amount of $25,000, and injunctive relief. With regard to the Debtor, Cline Garner, there is no evidence to suggest that his protection under the automatic stay has been violated in any way and the Motion will be denied. With regard to Sabrina, the court is persuaded that Teran willfully violated the automatic stay, however, the evidence is inconclusive as to the issue of damages. For the reasons set forth below, the Motion will be granted in part and set for a further evidentiary hearing as to the damage issues. The Motion for injunctive relief will be denied.

This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a) (made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052).[1] The bankruptcy court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. § 362, and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

**Background and Findings of Fact.**

This bankruptcy petition was filed under chapter 13 on November 16, 2010. One of the creditors listed in the Debtors' schedules and master address list is a business known as Citi Cash Express ("Citi Cash"). Citi Cash is a sole proprietorship and the business name of the respondent, Teran. On November 24, 2010, the clerk of this court caused to be served on all scheduled creditors, including Citi Cash, a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice of Commencement"). The Notice of Commencement was properly served on Citi Cash at its address of record.[2] The proof of service filed with this Motion shows that the Motion was served on Teran at the same address.

The court takes judicial notice of its own records. The Notice of Commencement was mailed first class from the Bankruptcy Court's Noticing Center, and there is a signed proof of service in the record. Nothing in the record suggests that the Notice of Commencement addressed to Citi Cash was returned by the post office. The Notice of Commencement included a warning relating to the automatic stay which stated in pertinent part:

> Creditors May Not Take Certain Actions. In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. . . . If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

---

[2] The Notice of Commencement was served on the business address for Citi Cash by first class mail from the court's Bankruptcy Noticing Center. The address for Citi Cash is stated in the schedules and master address list to be 3125 E. Tulare St., Fresno, CA, 93702. This is the same address used by Teran on pleadings he filed in the small claims court. The court takes judicial notice that this is also the address listed for Citi Cash in the Fresno telephone book.

3

Prior to commencement of this case, in October 2010, Teran filed and served, in his own name DBA Citi Cash, a civil complaint for damages against the co-debtor, Sabrina Garner, in the Fresno County small claims court (Case No. 10 CE CS 02227; the "Small Claims Action"). The Small Claims Action had not yet gone to trial when the Debtors filed their bankruptcy petition. The Small Claims Action is not disclosed in the Debtors' statement of financial affairs. However, the record confirms that the Debtors knew about the Small Claims Action before it went to trial. In support of this Motion, Sabrina filed a declaration which explains, "I did not attend [the small claims trial] because I believed that I was not required to attend because of my bankruptcy filing." ( Sabrina's Decl. 2:¶ 6, April 4, 2011.) Other than filing the bankruptcy petition, the Debtors did nothing to put Teran on notice that he was violating the automatic stay or to put the small claims court on notice of the pending bankruptcy proceeding.

On December 14, 2010, a trial was held in the Small Claims Action. Teran appeared at the trial and presented evidence of its claim. Sabrina did not file a responsive pleading or attend the evidentiary hearing. Two days later, a judgment was entered against Sabrina in the Small Claims Action in the amount of $562, including court costs (the "Judgment"). There is no allegation in the Motion, or evidence to show that Teran has made any effort to enforce the Judgment since it was entered on the small claims docket. Further, there is no allegation or evidence to suggest that Teran has taken any action to enforce his claim against the Debtor, Cline Garner.

Sabrina contends that entry of the Judgment has caused significant emotional distress. In support of this Motion, she filed a declaration which states in pertinent part:

4

> When I discovered that [Teran] both attended the hearing on his small claims action and received a judgment my first reaction was shock. I have since experienced a great deal of emotional distress and pain from this situation.

(Sabrina's Decl. 2:¶ 7).

There is no other evidence in the record from which the court can evaluate the nature, extent and reasonableness of Sabrina's "emotional distress and pain" or the appropriate measure of damages. The Debtors have requested an opportunity to present evidence regarding the damage issues.

On December 29, 2010, the Debtors' attorney sent a letter to Teran informing him of the bankruptcy and demanding that he take appropriate action to set aside the Judgment. The Debtors paid their attorney $500 for services in connection with sending that letter. However, there is no evidence (time records, et cetera) to show how much time or legal fees were actually incurred to advise the Debtors and write the letter. Teran did not respond to the letter or move to vacate the Judgment and this Motion followed.

The Debtors' chapter 13 plan was confirmed on January 11, 2011. Teran did not file a proof of claim in the bankruptcy case and will therefore not be entitled to participate in any distribution to unsecured creditors on account of his claim. When the Debtors complete their plan, they will be in a position to apply for a discharge of their prepetition debts, including the Judgment.

**Applicable Law.**

The filing of this bankruptcy petition created an automatic stay under § 362(a). The automatic stay protects the Debtors from a litany of acts by

creditors, including the commencement or continuation of a judicial action or proceeding that was or could have been commenced before the commencement of the bankruptcy case, or to recover a claim against the Debtors that arose before the commencement of the case. § 362(a)(1) & (6). "The scope of protections embodied in the automatic stay is quite broad, and serves as one of the most important protections in bankruptcy law." *Eskanos & Adler, P.C. v. Leetien (In re Eskanos)*, 309 F.3d 1210, 1214 (9th Cir 2002) (citation omitted).

Because of its fundamental importance, Congress has provided a remedy to a debtor who is damaged by a willful violation of the automatic stay. That remedy is found in § 362(k) (formerly § 362(h)), which reads in part: "[A]n individual injured by any *willful* violation of a stay provided by this section *shall recover* actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." (Emphasis added.)

The term "shall recover" in § 362(k) suggests that the award of actual damages, costs, and attorney's fees is mandatory if a willful violation of the automatic stay is found. *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 7 (9th Cir. BAP 2002) (citation omitted). A "willful" violation is a condition precedent to the recovery of damages under § 362(k). *Id.*, citing *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 180 (9th Cir. BAP 1998) *aff'd mem.*, 208 F.3d 220 (9th Cir. 2000).

To establish a "willful violation" under § 362(k), a debtor must show (1) that the respondent knew of the automatic stay, and (2) that the respondent's actions, which resulted in the stay violation, were intentional.

*In re Roman*, 283 B.R. at 8, *citing Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir 1989). The finding of "willfulness" under § 362(k) does not require a finding that the respondent specifically intended to violate the stay. *Id.*, *citing McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 167 (9th Cir. BAP 1995).

The duty to comply with the automatic stay is continuous and multiple violations can occur, initially through some prohibited act and subsequently through the failure to remedy the initial violation. When there has been a violation of the automatic stay through the prosecution of state court litigation, the non-debtor parties have an affirmative duty to dismiss or stay the proceedings that give rise to the violation. *Eskanos*, 309 F.3d at 1214-15. To comply with his "affirmative duty" under the automatic stay, Teran "needed to do what he could to relieve the violation." *Sternberg v. Johnston (In re Sternberg)*, 595, F.3d 937, 945 (9th Cir. 2010).

## Issues Presented.

The issues presented are:

(1) Did Teran know about the bankruptcy proceeding and willfully violate the automatic stay within the meaning of § 362(k)?

(2) If so, what is a proper measure of damages?

(3) Is injunctive relief appropriate?

## Teran is Presumed to Have Known of the Automatic Stay When the Notice of Commencement Was Mailed to His Place of Business.

Teran did not file a responsive pleading or evidence, but he did appear at the hearing to oppose the Motion and made representations on his own behalf. Teran's statements were not made under oath, but the court accepts his statements on the record as testimony. Teran contends that he did not personally open the mail at Citi Cash and receive the court's Notice

of Commencement, and did not know about the bankruptcy when he appeared at the trial of the Small Claims Action. Teran makes a credible argument that he knows what a bankruptcy means and would not have spent the time and money to file and prosecute the Small Claims Action for $562 if he had known about this bankruptcy. However, there is a strong presumption at law that Teran received the Notice of Commencement once it was placed in first class mail properly addressed to Teran's place of business, Citi Cash. *Herndon v. De La Cruz (In re De La Cruz)*, 176 B.R. 19, 22 (9th Cir. BAP 1994), *citing Hagner v. United States*, 285 U.S. 427, 430 (1932).

      Service of the Notice of Commencement was complete once it was placed in the first class mail. Rule 9006(e). Teran's denial that he did not personally receive the Notice of Commencement is not sufficient, standing alone, to rebut the presumption that it was delivered to Citi Cash. *In re De La Cruz*, 176 B.R. at 22. Here, Teran was unable to testify with regard to his office procedures. He did not offer any testimony of the person(s) in his office who has (have) the responsibility for receiving and routing the mail. The record does not show that the Notice of Commencement was returned to the court as "undeliverable." Finally, Teran did receive and appear in response to this Motion which was served by first class mail to the same address. In the Ninth Circuit, the denial of receipt does not rebut the presumption of receipt. *Cuna Mutual Insurance Group v. Williams (In re Williams)*, 185 B.R. 598, 600 (9th Cir. BAP 1995) (citations omitted). Based on the unrebutted presumption, this court is left with little choice but to find that Teran knew about the bankruptcy and the automatic stay when he prosecuted the Small Claims Action to Judgment. Why he did that is a

8

question for another day and is more relevant to the issue of malice and punitive damages discussed below.

That being said, there is no dispute that Teran knew about the bankruptcy and the automatic stay when he received the letter from the Debtors' attorney about two weeks after the Judgment was entered. At that point, Teran had an affirmative duty to "unwind" what had happened in the small claims court, but he failed to take any remedial action. Teran contends that he did not respond to the letter because he did not know what to do. However, that does not change the fact that the failure to act was itself a violation of the automatic stay.

**The Question of Damages.**

The Debtors ask the court for an award of actual damages against Teran in an unspecified amount. They also request attorney's fees in the amount of $500 and punitive damages in the amount of $25,000. The plain language of § 362(k) requires that the court shall award the entire amount of actual damages reasonably incurred as a result of the stay violation. *Beard v. Walsh (In re Walsh)*, 219 B.R. 873, 876 (9th Cir. BAP 1998), *citing Stainton v. Lee (In re Stainton)*, 139 B.R. 232, 235 (9th Cir. BAP 1992).

**Attorney's Fees.** Under Ninth Circuit law and the "American Rule," the Debtors may recover as "actual damages," the attorney's fees associated with enforcing the automatic stay. However, they may not recover the fees and costs associated with prosecuting the § 362(k) motion itself. *In re Sternberg*, 595 F.3d at 947.

Here, the Debtors paid their attorney a retainer of $500 to write the letter to Teran after they learned of the Judgment. However, there is nothing in the record to show how much of that money was actually used to

pay the reasonable and necessary costs of advising the Debtors and writing the letter. Attorney's fees awarded as damages under § 362(k) must be reasonable and necessary and are measured by the same standards as professional fees under § 330. *In re Roman*, 283 B.R. at 11. Further evidence will be required (billing records, et cetera) to show how much time Debtors' counsel actually spent in his effort to enforce the automatic stay.

**Emotional Distress.** The Motion suggests that Sabrina has suffered "shock, emotional distress and pain." Emotional distress damages may be awarded for a willful violation of the automatic stay, but only where the stay violation has also caused "significant economic loss." *Stinson v. Bi-Rite Restaurant Supply, Inc. (In re Stinson)*, 295 B.R. 109, 122 (9th Cir. BAP 2003). Here, Sabrina was undoubtedly surprised, and possibly even angered when she first learned of the Judgment, but that does not automatically translate to compensable damages. The filing of a bankruptcy proceeding in and of itself can be an emotionally distressing activity. The record is devoid of any evidence, beyond the single sentence in Sabrina's declaration, to support any finding of injury or other damage proximately caused by Teran's actions such as medical expenses and lost income. Further evidence will be required on that issue.

**Punitive Damages.** The Debtors have also requested an award of punitive damages in the amount of $25,000. However, punitive damages will be awarded for a violation of the automatic stay only if Teran's conduct was malicious, wanton or oppressive. *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 590 (9th Cir. BAP 1995) (citations omitted). Even where the debtor can establish actual damages, punitive damages generally require a

showing of reckless or callous disregard for the law or the rights of others. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir. 1989). In no event should punitive damages be awarded in the absence of actual damages. *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (9th Cir. BAP 1995).

There is no evidence upon which the court can make a finding of Teran's motives and state of mind. As discussed above, Teran presumptively knew about the automatic stay when he prosecuted the Small Claims Action, but that does not mean that he actually knew of the bankruptcy at that time. The presumption of knowledge does not compel a presumption of malice. The court will need evidence of Teran's actual state of mind and motive before it can make a finding that punitive damages are warranted.

**Cost of Vacating the Judgment.** Finally, the Debtors have demanded that Teran take action to vacate the Judgment. They contend that the attorney's fees to vacate the Judgment will be about $2,500. The Judgment itself is, and always has been, void as a matter of law because it was entered in violation of the automatic stay. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992) (violation of the automatic stay held to be void, rather than merely voidable). When the Debtors complete their chapter 13 plan, and receive their discharge, Teran's underlying claim will be unenforceable for all time. There is no evidence to suggest that the existence of the Judgment on the docket of the small claims court has or will injure the Debtors after confirmation of their chapter 13 plan, or that it will have any lasting consequences different from a judgment entered prior to the bankruptcy. If, under the particular circumstances, it is

necessary and reasonable to have the Judgment vacated, then the Debtors' attorney can seek that relief in the small claims court and the cost of doing so can be considered as a measure of actual damages. Again, that is an issue which should be addressed at a further evidentiary hearing.

**The Duty to Mitigate.** The discussion of damages would be incomplete without considering the fact that the Debtors had a duty to mitigate their damages. In determining the reasonableness of damages under § 362(k), "the bankruptcy court must examine whether the debtor could have mitigated the damages." *In re Roman*, 283 B.R. at 12. The automatic stay serves as a shield for the debtor's protection, not a sword. Section 362(a) should not be used as a sword for the debtors' enrichment. *In re McHenry*, 179 B.R. at 169.

Here, it is important to note that the filing of the Small Claims Action itself did not violate the automatic stay because it was filed before the bankruptcy petition. The first event which violated the automatic stay was the trial which took place four weeks after commencement of the bankruptcy. It is unclear from the record why, when the Debtors knew about the Small Claims Action, they simply chose to ignore it and assumed it would automatically go away. True, the Small Claims Action should have been stayed or dismissed, but that statutory safeguard failed for reasons that are as yet unclear, and Sabrina now claims that she has been damaged as a result. The yet unanswered question is, why didn't the Debtors' attorney send a demand letter to Teran before the small claims trial, or simply file a notice of the automatic stay in the Small Claims Action? The Debtors' attorney certainly had plenty of time to do so and his fees for preparing and serving that document would be compensable as

damages under 362(k). This court has to assume that the small claims court would have complied with the automatic stay if it had notice of it. Further evidence will be required before this court can make a finding that the Debtors acted reasonably with regard to the mitigation issue.

**Injunctive Relief Is Not Warranted.**

In addition to damages, and attorney's fees, the Debtors request a temporary restraining order and injunctive relief to prevent "great and irreparable injury." The Motion is quite vague as to what that "irreparable" injury would be, or what future action the injunction should be tailored to prevent. Presumably, the Debtors want an order prohibiting execution of the Judgment. However, there is no evidence to suggest that execution of the Judgment is imminent. The request for injunctive relief will be denied for two reasons.

First, an actual injunction would require an adversary proceeding. Rule 7001(7). Injunctive relief requires findings of fact and procedural formalities in compliance with Fed.R.Civ.P. 65 (made applicable to adversary proceedings by Rule 7065). The Debtors cannot circumvent the due process and procedural protections of the Rules with a simple motion.

Second, the Debtors already have injunctive relief in the form of the automatic stay. An injunction against enforcement of the Judgment already exists by operation of law. § 362(a)(1) & (6). "An injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief." *Barrientos v. Wells Fargo Bank, N.A. (In re Barrientos)*, 633 F.3d 1186, 1190 (9th Cir. 2011). (The debtors were not entitled to an injunction to prohibit a violation of the discharge under § 524(a)). The proper remedy for violation of an injunction is not

13

another injunction, but rather an order for contempt. *Id.* (citation omitted.)

Here, the court is persuaded from its brief conversation with Teran at the initial hearing that he now understands the gravity of the situation and the importance of compliance with the Bankruptcy Code. Assuming Teran complies with the automatic stay, and takes no further action to enforce the Judgment, then prospective injunctive relief is unnecessary. Should Teran proceed to enforce the Judgment, or take any other action to circumvent the limitations imposed by the Code, even after the court's ruling on this Motion, then that conduct can be remedied through a contempt order and an award of additional damages.

**Conclusion.**

Based on the foregoing, the Debtors have failed to show that the bankruptcy protections afforded to the Debtor, Cline Garner, were violated in any way. Accordingly, the Motion will be denied as to Cline Garner.

With regard to the co-debtor, Sabrina Garner, the court finds and concludes that the respondent, Tobias Teran knew about the bankruptcy and willfully violated the automatic stay. The automatic stay was initially violated when Teran prosecuted the trial in the Small Claims Action. The violation continued when Teran failed to do what was required to vacate the Judgment after the Debtors' counsel formally demanded that he do so. Pursuant to § 362(k), Sabrina is entitled to recover her actual, reasonable and necessary damages, including the costs and attorney's fees incurred to remedy the stay violation, and punitive damages if appropriate.

With regard to the issue of damages, the record is insufficient to show that Sabrina has suffered actual damages beyond the reasonable and necessary legal fees incurred by her attorney. The record is insufficient to

show how much of her attorney's fees were reasonable and necessary. The record is further insufficient to show that Teran's conduct was malicious, wanton, oppressive or reckless. Finally, additional evidence will be required for the court to determine whether Sabrina acted reasonably to mitigate her damages. By separate order, the court will set a further status conference, a discovery schedule, and an evidentiary hearing as to the damage issues for which further evidence is required.

Dated: June 8, 2011

W. Richard Lee
United States Bankruptcy Judge