FILED

MAR 16 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 10-63228-B-13 |
| Cline Alex Garner, Jr., and Sabrina Louise Garner, | DC No. GH-1 |
| Debtors. | |
| Cline Alex Garner, Jr., and Sabrina Louise Garner, | |
| Movants, | |
| v. | |
| Tobias Teran, an individual, | |
| Respondent. | |

**MEMORANDUM DECISION REGARDING MOTION FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Gary L. Huss, Esq., appeared on behalf of the debtors, Cline Alex Garner, Jr., and Sabrina Louise Garner.

No appearance was made on behalf of the respondent, Tobias Teran.

Before the court is a motion by the debtors, Cline and Sabrina Garner (the "Debtors") for an award of damages resulting from respondent Tobias Teran's ("Teran") violation of the automatic stay. The court issued a

1  memorandum decision dated June, 8, 2011, finding that Teran had violated

2  the automatic stay.  The court has now conducted an evidentiary hearing on

3  the issue of damages.

4      This memorandum decision contains findings of fact and conclusions

5  of law required by Federal Rule of Civil Procedure 52(a) (made applicable

6  to this contested matter by Federal Rule of Bankruptcy Procedure 7052).[1]

7  The bankruptcy court has jurisdiction over this motion pursuant to 28

8  U.S.C. §§ 1334 and 157, 11 U.S.C. § 362, and General Orders 182 and 330

9  of the U.S. District Court for the Eastern District of California.  This is a

10  core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

11  **Background and Findings of Fact.**

12      This bankruptcy petition was filed under chapter 13 on November

13  16, 2010.  The background of this case is fully set forth in this court's

14  memorandum decision dated June 8, 2011, and need not be fully repeated

15  here.  In summary, it has been determined that respondent Teran willfully

16  violated the automatic stay by prosecuting an action against co-debtor

17  Sabrina Garner ("Sabrina"), in the small claims court after the Debtors filed

18  their bankruptcy petition and after Teran received notice of commencement

19  of the case.  The court held an evidentiary hearing on the issue of damages

20  on October 7, 2011.  Teran failed to appear at the evidentiary hearing or to

21  present any evidence on his behalf.

22      Since conclusion of the evidentiary hearing, this chapter 13 case was

23

24  ────────────────

25  [1]Unless otherwise indicated, all chapter, section and rule references are to
    the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of
26  Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after*
    October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and
27  Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

28                                    2

1   dismissed based on the Debtors' inability to make plan payments to the

2   Trustee.[2] Dismissal of the case does not deprive the court of jurisdiction to

3   make an appropriate ruling based on a violation of the automatic stay during

4   the case. *Johnson v. TRE Holdings, LLC (In re Johnson)*, 346 B.R. 190,

5   194 (9th Cir. BAP 2006).

6         At the hearing, Sabrina testified that she had contacted somebody at

7   Teran's business and told them about the bankruptcy after it was filed and

8   before the small claims trial. About a month later, she received a copy of

9   the small claims judgment in the mail. Teran's company then called her

10  several times in an effort to enforce the judgment. The Debtors paid their

11  attorney $550 to write letters to Teran in an effort to get the small claims

12  judgment vacated, to no avail. Teran was non-responsive and as of this

13  date, the small claims judgment remains in the record.

14        The ordeal was "upsetting" to Sabrina; however, she did not incur

15  any medical expenses. She missed about seven hours of work, at a value of

16  $18 per hour ($126), meeting with her attorney and trying to deal with the

17  problem. The Debtors request an award of actual damages, punitive

18  damages, and an injunction to compel Teran to correct the problem.

19  **Applicable Law.**

20        Because of its fundamental importance, Congress has provided a

21  remedy to a debtor who is damaged by a willful violation of the automatic

22  say. That remedy is found in § 362(k) (formerly § 362(h)), which reads in

23  part: "[A]n individual injured by any *willful* violation of a stay provided by

24  this section *shall recover* actual damages, including costs and attorneys'

25  _____

26        [2]This case was dismissed on January 6, 2012. The Debtors refiled a new
    chapter 13 petition on February 1, 2012 (case no. 12-10911), and are currently

27  awaiting confirmation of a new chapter 13 plan.

28                                    3

1  fees, and, in appropriate circumstances, may recover punitive damages."

2  (Emphasis added.)

3       The term "shall recover" in § 362(k) suggests that the award of

4  actual damages, costs, and attorney's fees is mandatory if a willful violation

5  of the automatic stay is found. *Eskanos & Adler, P.C. v. Roman (In re*

6  *Roman)*, 283 B.R. 1, 7 (9th Cir. BAP 2002) (citation omitted). A "willful"

7  violation is a condition precedent to the recovery of damages under

8  § 362(k). *Id., citing Fernandez v. GE Capital Mortgage Servs., Inc. (In re*

9  *Fernandez)*, 227 B.R. 174, 180 (9th Cir. BAP 1998) *aff'd mem.*, 208 F.3d

10  220 (9th Cir. 2000).

11       Other than subsection (k), the rest of § 362 is silent on what remedies

12  are available to a party injured by a willful violation of the stay. However,

13  courts have not read § 362 to mean that seeking statutory damages under

14  subsection (k) is the only available remedy but have allowed the injured

15  party to seek a number of potential remedies, including injunctive relief.

16  *See, e.g., In re Harris*, 374 B.R. 611, 615 (Bankr. N.D. Ohio 2007) ("[T]he

17  debtor [may] (1) seek to avoid the action which violated the stay; (2) bring

18  an action against the creditor for contempt; (3) seek injunctive relief; and/or

19  (4) seek statutory damages pursuant to 11 U.S.C. § 362(k)(1).").

20       To remedy a violation of the automatic say, the court should have the

21  power to grant relief that would bring the parties back to the status quo. *See*

22  *In re C.W. Mining Co.*, 625 F.3d 1240, 1247 (10th Cir. 2010) (affirming

23  bankruptcy court's civil contempt order voiding creditors' actions that

24  violated stay where such relief returned parties to status quo). Injunctive

25  relief, in the form of ordering the creditor to vacate the post-petition

26  judgment, may be proper, especially given that a creditor has an affirmative

27

28                            4

1  duty to remedy his violation of the automatic stay. *Knupfer v. Lindblade (In*
2  *re Dyer)*, 322 F.3d 1178, 1192 (9th Cir. 2003) (citation omitted); *Cal. Emp't*
3  *Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir.
4  1996) ("To effectuate the purpose of the automatic say, the onus to return
5  estate property is placed upon the possessor."); *see also Taub v. Taub (In re*
6  *Taub)*, 427 B.R. 208, 221 (Bankr. E.D.N.Y. 2010) (recognizing that
7  additional order directing compliance with terms of automatic stay is
8  generally not required but granting order anyway given parties' animosity
9  between each other).

10 **Analysis and Conclusions of Law.**

11      **Actual Damages.**  The first issue to address is the question of actual
12 damages.  The Bankruptcy Code requires the court to award the entire
13 amount of actual damages reasonably incurred as a result of the stay
14 violation. *Beard v. Walsh (In re Walsh)*, 219 B.R. 873, 876 (9th Cir. BAP
15 1998), *citing Stainton v. Lee (In re Stainton)*, 139 B.R. 232, 235 (9th Cir.
16 BAP 1992).  Based on her testimony, Sabrina's actual out-of-pocket
17 expenses are $676 ($550 in attorney's fees plus $126 in lost wages).  This
18 will be awarded as actual damages.

19      **Emotional Distress.**  The Motion alleges that Sabrina has suffered
20 "shock, emotional distress and pain."  Emotional distress damages may be
21 awarded for a willful violation of the automatic stay, but only where the
22 stay violation has also caused "significant economic loss." *Stinson v. Bi-*
23 *Rite Restaurant Supply, Inc. (In re Stinson)*, 295 B.R. 109, 122 (9th Cir.
24 BAP 2003).  Here, Sabrina testified that she was upset by the ordeal.
25 Undoubtedly she was surprised, and possibly even angered when she first
26 learned of the small claims judgment, but that does not automatically

27

28                                        5

translate to compensable damages.  Sabrina's actual damages were not significant and there was no evidence that Sabrina has incurred any medical expense or suffered any compensable physical or emotional injury as a result of this problem.

**Injunctive Relief.**  Sabrina also requests an injunction to compel Teran to take whatever action is necessary to expunge the small claims judgment and remove it from the record.  As it is now apparent that such an order would be a futile effort, the request for injunctive relief will be denied.  It is clear that any remedial action will have to come from the Debtors and is best addressed through the award of punitive damages below.  As a matter of law, the small claims judgment is and always has been void.  *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992).  To the extent that the outstanding judgment impairs the Debtors' credit rating, the damages resulting from having the small claims judgment in the record, if any, can be remedied by an appropriate order of this court correcting the record.  The Debtors' counsel can lodge such an order with the small claims court and provide a copy to the credit reporting agencies if necessary.

**Punitive Damages.**  Finally, Sabrina also requests sanctions, or punitive damages, based on Teran's refusal to correct his error.  Punitive damages will be awarded for a violation of the automatic stay only if Teran's conduct was malicious, wanton or oppressive.  *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 590 (9th Cir. BAP 1995) (citations omitted).  Even where the debtor can establish actual damages, punitive damages generally require a showing of reckless or callous disregard for the law or the rights of others.  *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228

6

1 (9th Cir. 1989). In no event should punitive damages be awarded in the

2 absence of actual damages. *McHenry v. Key Bank (In re McHenry)*, 179

3 B.R. 165, 168 (9th Cir. BAP 1995).

4     This court has already found that Teran willfully violated the

5 automatic stay. The evidence does not support a finding that Teran acted

6 with malice when he first obtained the small claims judgment. However,

7 that issue is not the end of the inquiry. Even after that ruling was issued,

8 Teran blatantly ignored the problem created by his actions. A creditor who

9 violates the automatic stay through the prosecution of state court litigation

10 has an affirmative duty to correct the error. *Sternberg v. Johnston (In re*

11 *Sternberg)*, 595 F.3d 937, 945 (9th Cir. 2010). Teran's recalcitrance

12 strongly supports a finding of malice and wanton disregard for his

13 obligations. The court finds that an award of punitive damages is

14 appropriate in the amount of $1,000.

15 **Conclusion.**

16     Based on the foregoing, the court finds and concludes that Sabrina

17 Garner has been actually damaged by Teran's willful violation of the

18 automatic stay in the amount of $676. In addition, Sabrina Garner is

19 entitled to an award of punitive damages in the amount of $1,000 and an

20 order which can be recorded in the small claims action and distributed to

21 the credit reporting agencies declaring the small claims judgment to be

22 void. Debtors' counsel shall submit an appropriate order.

23     Dated: March __16__, 2012

24

25                     W. Richard Lee

26                     United States Bankruptcy Judge

27

28                 7

Cline Alex Garner and Sabrina Louise Garner
Case No. 10-63228-B-13/DC No. GH-1


Cline Alex Garner, Jr.
Sabrina Louise Garner
5301 N. Valentine Ave., #146
Fresno, CA 93711

Gary L. Huss, Esq.
Attorney at Law
3649 W. Beechwood Ave., #102
Fresno, CA 93711

Tobias Teran
c/o Citi Cash Express
3125 E. Tulare St.
Fresno, CA 93702

Michael H. Meyer, Esq.
Chapter 13 Trustee
P.O. Box 28950
Fresno, CA 93729-8950

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare St., Ste. 1401
Fresno, CA 93721